GEORGE CLEMENTS, PLAINTIFF, v. ALFRED H. GRISWOLD AND OTHERS, DEFENDANTS.

46h 377
55ad 84

*Foreclosure of a second mortgage — a purchase by the mortgagee does not destroy or release the lien of a prior mortgage held by him — nor does his subsequent conveyance of the right acquired by him on such purchase.*

Upon the trial of this action, brought to foreclose a mortgage executed by Samuel and James Lamb to the plaintiff for $5,000, dated March 1, 1862, it appeared that after that date and on July 1, 1869, the said mortgagors executed two mortgages simultaneously on the same premises, one to the plaintiff and one to John M. Barnett, both of which mortgages were thereafter simultaneously foreclosed by actions, and the mortgaged premises brought to one sale under both judgments by the same referee, at which the plaintiff and the defendants Barnett and Rice bid off the mortgaged premises, the referee conveying, on March 5, 1873, by the same deed, one undivided half thereof to the plaintiff and the other to the defendants Barnett and Rice. In the judgment in the plaintiff's action to foreclose his mortgage it was provided that it should not, in any manner, affect any prior lien of the assignee of the Barnett mortgage (the plaintiff in the other action) by virtue of or under any prior lien; and a like clause was inserted in the judgment in the other action as to any prior lien of the plaintiff.

On June 23, 1873, the plaintiff conveyed his undivided one-half of the premises to the defendants Griswold and Keith, by a deed, with covenants against the grantor, containing this clause: "Intending to convey all the right acquired by me on purchase of the same on foreclosure sale, March 5, 1873, and no more;" this clause having been inserted in the deed after the grantees had refused to accept a deed tendered by the plaintiff, which contained a clause recognizing the mortgage in suit as an existing charge on said premises.

*Held*, that, by the purchase upon the foreclosure sale, Barnett and Rice acquired an undivided one-half of the equity of redemption held by the mortgagors, subject to the plaintiff's mortgage, and that a judgment directing that the undivided one-half of the premises so conveyed to them should bear one-half of the mortgage debt, and no more, should be affirmed.

That the conveyance of the undivided one-half interest, acquired by the plaintiff upon the sale in the foreclosure actions, to the defendants Griswold and Keith, did not destroy or extinguish the lien of his prior mortgage upon the premises as to them.

That, even if it were conceded that, in order to work out the equities existing between the plaintiff and Barnett and Rice, the plaintiff's mortgage, or at least one-half of it, must be held to have been merged, the equities of Barnett and Rice could not be invoked by the defendants Griswold and Keith, as the latter had, in no respect, succeeded to Barnett and Rice's equities or estate.

That the plaintiff did not, by holding both the title and the lien, thereby release the lien.

*Smith* v. *Roberts* (91 N. Y., 470); *Cliff* v. *White* (12 id., 526) distinguished.

Equity will apply in such cases the same rules with respect to the release of a lien as to the merger of it, viz: that it is mainly a question of the intention of the lienor; and will impute, in favor of his grantees, that intention to him which his acts or words implied and upon which they acted.

That a claim made by the defendants Griswold and Keith, that by virtue of the provisions contained in section 1632 of the Code of Civil Procedure, declaring the effect of a sale upon the foreclosure of a mortgage, the plaintiff, by his purchase at such sale, acquired full title to the mortgaged premises, and, therefore, conveyed such title to them, could not be sustained.

That the declaration contained in that section, that the conveyance " is as valid as if it were executed by the mortgagor and mortgagee, and is an entire bar against each of them," was not intended to make the deed convey any other title which might be in the mortgagee, paramount to the mortgage foreclosed, but simply for the purpose of conveying the mortgagor's equity of redemption, and whatever estate the mortgagee acquired or might aquire under the mortgage foreclosed; to make the conveyance an entire bar against the mortgagor, for he mortgaged all his title, and an entire bar against the mortgagee of all his claim under that mortgage, but not under a paramount lien.

APPEALS from a judgment, entered in Washington county upon the trial of this action before a referee.

The action was brought to foreclose a mortgage executed by Samuel and James Lamb to the plaintiff for $5,000, dated March 1, 1862. The complaint is in the usual form. The defendants Rice and Barnett are tenants in common with the defendants Griswold and Keith, as owners of the mortgaged premises. By their answer the defendants allege payment; merger of the mortgage in the title of the plaintiff; release and extinguishment of the mortgage. The issues were tried before a referee. He found that the defense of payment was not established. He found the facts touching merger and release substantially as follows: After the execution and delivery of the mortgage in suit to the plaintiff, Samuel and James Lamb,

the mortgagors, on the 1st day of July, 1869, executed two mortgages simultaneously on the same mortgaged premises, one to plaintiff, and the other to John M. Barnett, each mortgage for the sum of $6,000. Both of these mortgages were afterwards simultaneously foreclosed by action, and the mortgaged premises brought to one sale under both judgments by the same referee. At this sale plaintiff, and the defendants Barnett and Rice, bid off the mortgaged premises, and the referee thereupon conveyed by the same deed an undivided one-half thereof to the plaintiff, and the other undivided one-half to the defendants, Barnett and Rice. In the judgment in the plaintiff's action to foreclose, it was provided that the judgment in that case should not in any manner affect any prior lien of the North Granville National Bank, the assignee of the Barnett mortgage and the plaintiff in the other action of foreclosure, by virtue of or under any prior lien, and the like clause was inserted in the judgment upon the Barnett mortgage as to any prior lien of Clements, the present plaintiff.

This sale to plaintiff and to Barnett and Rice, was made March 5, 1873. On June 23, 1873, this plaintiff conveyed his undivided one-half of the premises to the defendants Griswold and Keith, by deed with covenants against the grantor, and also containing this clause: " Intending to convey all the right acquired by me on purchase of the same on foreclosure sale March 5, 1873, and no more." Griswold and Keith knew that the plaintiff held the mortgage in suit, and that he desired to retain it as a lien upon the premises he conveyed to them. Pending the negotiations which resulted in the conveyance by the plaintiff to Griswold and Keith, the plaintiff executed and caused to be tendered to them a deed of the premises which contained a clause recognizing the mortgage in suit as an existing charge on said premises. Griswold and Keith rejected this deed because of such clause, and thereupon the plaintiff executed the deed containing the clause above quoted, and Griswold and Keith accepted the same.

The referee directed judgment charging the undivided half of the premises owned by Barnett and Rice with one-half of the mortgage debt, but declaring the mortgage released as to the other half of the premises sold by plaintiff to Griswold and Keith, and dismissing the complaint as to them, with costs. The defendants Barnett

and Rice appeal from that portion of the judgment which charges any part of the mortgage upon their share of the land. Griswold and Keith appeal from so much of the judgment as allows the plaintiff costs and directs a sale of Barnett and Rice's undivided one-half, and recognizes the mortgage as valid for any purpose.

The plaintiff appeals from that portion of the judgment which dismisses his complaint as to Griswold and Keith, with costs

*L. H. Northup*, for the plaintiff.

*James Gibson*, for the defendants Barnett, Rice, Griswold and Keith.

LANDON, J.:

Barnett and Rice became the purchasers upon the foreclosure sale under the junior mortgages of an undivided one-half of the equity of redemption held by the Lambs, the mortgagors, in the premises. That purchase was subject to the plaintiff's senior mortgage. Judgment upon the junior mortgages could not impair the senior mortgage unless expressly adjudged upon some equitable ground. (*Emigrant Savings Bank* v. *Goldman* (75 N. Y., 128). Here one of the judgments expressly declared that no prior lien of the plaintiff should be affected. The fact that the plaintiff became the purchaser at the same sale of the other undivided half of the same equity of redemption did not enlarge the rights or equities of Barnett and Rice. The learned referee properly held that the undivided half of the premises conveyed to Barnett and Rice should bear one-half of the mortgage debt, and should bear no more. The referee properly found upon the evidence that the defense of payment was not established. No equities appear in the case requiring any judgment more favorable to them. The referee held that when the plaintiff subsequently conveyed to Griswold and Keith the undivided one-half of the premises, the lien of his mortgage no longer existed upon that portion, and he directed that the complaint be dismissed as to them. We think this direction cannot be upheld. In equity, the plaintiff's mortgage upon his own land was not merged or released, unless he intended that it should be. So long as he held both the title and the mortgage, whether the mortgage should merge in the title was no one's concern but his own. Not until he conveyed to

Griswold and Keith, did he give to any one the right to raise the question. The counsel for the defendant urges that in order to work out the equities between Barnett and Rice and the plaintiff, the plaintiff's mortgage, or at least one half of it, must be held to have been merged in the plaintiff's title. If we concede that that is so as between Barnett and Rice and the plaintiff, it is so for the protection of Barnett and Rice and their privies, but not for the protection of Griswold and Keith, who have in no respect succeeded to Barnett and Rice's equities or estate. How the equities between Barnett and Rice are wrought out, is of no moment to Griswold and Keith. They cannot invoke a stranger's equities, but must rely upon their own. The learned referee held that although the plaintiff's mort⁻ gage did not merge in his title, yet, because he held both title and lien, he thereby released the lien. *Smith* v. *Roberts* (91 N. Y., 470), is cited as authority for the proposition. The case is obviously misapprehended. It does hold that when the mortgagor conveys to the mortgagee a part of the mortgaged premises, and the intention of both parties is that the whole mortgage shall remain a lien upon the portion of the premises retained by the mortgagor, then, the portion conveyed to the mortgagee shall, as between them, be considered released, and the whole mortgage debt shall be a charge upon the portion retained by the mortgagor. The same doctrine was held in *Clift* v. *White* (12 N. Y., 526). It is obvious that such a holding is necessary to effect the intention of the parties. It is for the protection of the mortgagee; it cannot apply in a case like this, in which, upon the purchase of the equity of redemption, it was intended to divide the lien of the prior mortgage equally between the undivided shares purchased by the plaintiff and Barnett and Rice. Plaintiff in equity exempted Barnett and Rice's share from paying any more of the mortgage than its just proportion, but equity would be reproached, if, in order to prevent plaintiff from enforcing more than one-half of his mortgage against Barnett and Rice, it must force him to lose the whole. Equity will apply in such a case the same rules with respect to the release of a lien as to the merger of it. It is mainly a question of the intention of the lienor. Equity will impute, in favor of his grantees that intention which his acts or words implied, and upon which they acted. Here the evidence is decisive that the plaintiff intended to convey and

did convey to Griswold and Keith, subject to the lien of his mortgage. The deed given to Griswold and Keith is qualified by these words: "Intending to convey all the right acquired by me on purchase of the same on foreclosure sale, March 3, 1873, *and no more.*"

This language was carefully chosen by the grantor and deliberately accepted by the grantees, after the latter had expressly objected to language expressly recognizing the lien of the plaintiff's mortgage. Both parties, therefore, knew that the subject of the qualification was the mortgage in question, the plaintiff intending to keep it on foot, and Griswold and Keith not desiring to waive any valid defense to it, if any existed. But, whatever the object of Griswold and Keith, they took title knowing that the plaintiff did not intend to merge or release his mortgage, and hence, within the authorities, such a defense fails. But the defendants insist that by virtue of the statute declaring the effect of a sale upon a judgment of foreclosure, the plaintiff by his purchase at such sale did acquire full title to the mortgaged premises, and, therefore, conveyed such title. The Code of Civil Procedure (§ 1632) declares that "a conveyance upon a sale, made pursuant to final judgment, in an action to foreclose a mortgage upon real property, vests in the purchaser the same estate only, that would have vested in the mortgagee, if the equity of redemption had been foreclosed." The conveyance made by the sheriff or referee, the section declares, is just as valid as if it were executed by both the mortgagor and mortgagee; not, however, as the counsel contends, for the purpose of conveying any other title which may be in the mortgagee paramount to the mortgage foreclosed, but simply for the purpose of conveying the mortgagor's equity of redemption and whatever estate the mortgagee acquired or may acquire under the mortgage foreclosed. The conveyance is an entire bar against the mortgagor, for he mortgages all his title, and is an entire bar against the mortgagee of all his claims under the mortgage, but not under a paramount lien, for the junior mortgage foreclosure does not reach to or impair that lien.

Stress is placed upon the language of the qualification in the deed from plaintiff to Griswold and Keith — "intending to convey all the *right acquired* by me on purchase of the same on foreclosure sale." But the right he acquired on purchase was the equity of redemption. Consequent upon that right, the law vested in him the right to

merge the senior mortgage in his title, or not to merge it, as his inter-ests might suggest. He did not purchase that right as a property, in addition to his purchase of the equity of redemption. The qualification did not enlarge the estate granted, but gave notice to Griswold and Keith that he only sold to them the equity of redemption which passed by the referee's deed from the mortgagor to the plaintiff. It pointed out to them the judgment which declared his prior lien unaffected, and it gave them notice that whatever that lien was, he did not mean to release it. These views require that the judgment against Barnett and Rice should be affirmed, with costs, and that the judgment in favor of Griswold and Keith should be reversed and judgment be entered against them, subjecting their undivided half of the premises to the lien of one-half of the amount due upon the mortgage, with costs of the appeal and in the court below.

LEARNED, P. J., and WILLIAMS, J., concurred.

Judgment affirmed against Barnett and Rice; reversed as to Griswold and Keith, and judgment against their one-half of the property for one-half of the mortgage debt, with costs of appeal and of court below to be settled before LANDON, J.